# Exhibit 1

ELECTRONICALLY FILED
2024 Jan 19 2:45 PM
CLERK OF COURT - CIRCUIT

| STATE OF TENNESSEE 30th JUDICIAL DISTRICT CHANCERY COURT | SUMMONS** | DOCKET NUMBER CH-_____ |
|---|---|---|

| Plaintiff | Defendant |
|---|---|
| Albert C. Hill, et. al. | Samsung Electronics America, Inc., et. al. |

**TO:** (NAME AND ADDRESS OF DEFENDANT)

**Samsung Electronics America, Inc.**

**c/o CT Corporation System**

**300 Montvue Road**

**Knoxville, TN 37919**

Method of Service:

☐ Shelby County Sheriff
☑ Private Process Server
☐ Out of County Sheriff*
☐ Secretary of State*
☐ Comm. Of Insurance*
☐ Certified Mail
☐ Other
    *Attach Required Fees

You are summoned to defend a civil action filed against you in the Chancery Court of Shelby County, Tennessee. Your defense to this action must be made within thirty (30) days from the date this summons is served upon you. You must file your defense with the Clerk of the Court and send a copy to the Plaintiff/Plaintiff's attorney at the address listed below. If you fail to defend this action within thirty (30) days of service, judgment by default may be rendered against you for the relief sought in the complaint. Questions regarding this summons and the attached documents should be addressed to the Attorney/Plaintiff listed below.

| Attorney for Plaintiff or Plaintiff if filing Pro Se: (Name, address & telephone number) **Phillip S. Georges, PLLC** **501 Union Street, Suite 200D** **Nashville, TN 47219** | ISSUED_____of_____, 20_____ |
|---|---|
| | **W. Aaron Hall, Clerk and Master** By: _____ Deputy Clerk & Master 140 Adams, Room 308    Memphis, TN 38103 |
| TO THE SHERIFF: _____ _____ | Came to hand _____day of_____, 20_____ Sheriff |

| CERTIFICATION (IF APPLICABLE) | |
|---|---|
| I, W. Aaron Hall, Clerk & Master of the Chancery Court in the State of Tennessee, Shelby County, do certify this to be a true and correct copy of the original summons issued in this case. | **W. Aaron Hall, Clerk & Master** By: _____ D. C. & M. |

**Submit one original and one copy for each defendant to be served.

& If you need accommodations because of a **disability**, please call the ADA Coordinator at ( 901)222-2357.
For questions regarding scheduling or filing, please contact the court.

**Notice of Personal Property Exemption:**
TO THE DEFENDANT(S):

Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state docket number on list.

## RETURN OF SERVICE OF SUMMONS

I hereby certify that I **HAVE** served the within summons:

By delivering on the_____day of_____, 20_____at_____am/pm a copy of the

summons and a copy of the Complaint to the following Defendant _____

at _____

_____    By: _____
Signature of person accepting service                                     Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

I hereby certify that I **HAVE NOT** served the within summons:

To the named defendant_____because _____

is (are) not to be found in this county after diligent search and inquiry for the following reason(s):_____.

This_____day of_____, 20 _____
                                                                        By: Sheriff or other authorized person to serve process

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the_____day of_____, 20_____, I sent, postage prepaid, by registered return receipt

mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case CH-_____to the

defendant_____. On the_____day of_____, 20_____, I

received the return receipt, which had been signed by_____on the_____ day of _____,

20_____. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| Sworn to and subscribed before me on this_____day of  _____ , 20_____ .  Signature of_____Notary Public or_____ Deputy Court Clerk:  _____  My Commission Expires: | Signature of Plaintiff, Plaintiff's attorney or other person authorized by statute to serve process.  _____ |
|---|---|
| ATTACH RETURN  RECEIPT  HERE  (IF APPLICABLE) |  |



**The Shelby County, Tennessee Circuit Court**

**Case Style:**     ALBERT C HILL VS SAMSUNG ELECTRONICS

**Case Number:**   CT-0217-24

**Type:**          SUMMONS ISSD TO MISC

Kelley Turner, DC

Electronically signed on 01/24/2024 08:17:23 AM

ELECTRONICALLY FILED
2024 Jan 19 2:45 PM
CLERK OF COURT - CIRCUIT

## STATE OF TENNESSEE
## IN THE CIRCUIT COURT CIVIL FOR SHELBY COUNTY
## AT MEMPHIS

| | | |
|---|---|---|
| ALBERT C. HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CASE NO.:** |
| v. | ) | **JURY DEMAND (12)** |
| | ) | |
| SAMSUNG ELECTRONICS | ) | |
| AMERICA, INC., | ) | |
| TRACFONE WIRELESS, INC., | ) | |
| SAFELINK WIRELESS d/b/a | ) | |
| TRACFONE WIRELESS, INC., | ) | |
| VERIZON WIRELESS SERVICES, LLC, | ) | |
| VERIZON COMMUNICATIONS, INC., | ) | |
| ALLTEL CORPORATION, and | ) | |
| GTE WIRELESS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

---

## COMPLAINT

---

**COMES NOW** Plaintiff, Albert C. Hill, by and through undersigned counsel and hereby makes his claim against Defendants, Samsung Electronics American, Inc., Tracfone Wireless, Inc., Safelink Wireless d/b/a Tracfone Wireless, Inc., Verizon Wireless Services, LLC, Verizon Communications, Inc., Alltel Corporation, and GTE Wireless, LLC and states as follows:

### PARTIES

1.      Plaintiff, Albert C. Hill, is an adult citizen and resident of Memphis, County of Shelby, Tennessee and resides at 1131 Poppin Drive, Memphis, Tennessee 38111.

2.      Defendant, SAMSUNG ELECTRONICS AMERICA, INC. (hereinafter "SAMSUNG"), is a foreign for-profit corporation, registered to do business in the State of

Tennessee, with its principal offices located at 85 Challenger Road, Ridgefield Park, New Jersey 07660 and can be served with process through its registered agent, CT Corporation System, located at 300 Montvue Road, Knoxville, Tennessee 37919. That at all times material herein, the Defendant, SAMSUNG, was in the business of manufacturing, designing, testing, assembling, supplying, selling, importing, and distributing electronics, including the "Samsung Galaxy A02S" cellphone and its component parts that are the subject of this lawsuit.

3.    Defendant, TRACFONE WIRELESS, INC. (hereinafter "TRACFONE"), is a foreign for-profit corporation, registered to do business in the State of Tennessee, with principal offices located at 9700 Northwest 112 Ave, Medley, Florida 33178 and can be served with process through its registered agent, CT Corporation System, located at 300 Montvue Road, Knoxville, Tennessee 37919. That at all times material herein, the Defendant, TRACFONE, was in the business of manufacturing, designing, testing, assembling, supplying, selling, importing, and distributing electronics, including the "Samsung Galaxy A02S" cellphone and its component parts that are the subject of this lawsuit.

4.    Defendant, SAFELINK WIRELESS d/b/a TRACFONE WIRELESS, INC. (hereinafter "SAFELINK"), is a foreign for-profit corporation, registered to do business in the State of Tennessee, with principal offices located at 9700 Northwest 112 Ave, Medley, Florida 33178 and can be served with process through its registered agent, CT Corporation System, located at 300 Montvue Road, Knoxville, Tennessee 37919. That at all times material herein, the Defendant, SAFELINK, was in the business of manufacturing, designing, testing, assembling, supplying, selling, importing, and distributing electronics, including the "Samsung Galaxy A02S" cellphone and its component parts that are the subject of this lawsuit.

2

5. Defendant, VERIZON WIRELESS SERVICES, LLC (hereinafter "VERIZON"), is a foreign for-profit corporation, registered to do business in the State of Tennessee, with principal offices located at 1 Verizon Way, Basking Ridge, New Jersey 07920 and can be served with process through its registered agent, CT Corporation System, located at 300 Montvue Road, Knoxville, Tennessee 37919. That at all times material herein, the Defendant, VERIZON, was in the business of manufacturing, designing, testing, assembling, supplying, selling, importing, and distributing electronics, including the "Samsung Galaxy A02S" cellphone and its component parts that are the subject of this lawsuit.

6. Defendant, VERIZON COMMUNICATIONS, INC. (hereinafter "VERIZON COMMUNICATION"), is a foreign for-profit corporation, registered to do business in the State of Tennessee, with principal offices located at 1095 Avenue of the Americas, New York, New York 10036 and can be served with process through its registered agent, Corporation Trust Company, 1209 Orange Street, Wilmington, New Castle, Delaware 19801. That at all times material herein, the Defendant, VERIZON COMMUNICATION, was in the business of manufacturing, designing, testing, assembling, supplying, selling, importing, and distributing electronics, including the "Samsung Galaxy A02S" cellphone and its component parts that are the subject of this lawsuit.

7. Defendant, ALLTEL CORPORATION (hereinafter "ALLTEL"), is a foreign for-profit corporation, registered to do business in the State of Tennessee, with principal offices located at 1 Verizon Way, Basking Ridge, New Jersey 07920 and can be served with process through its registered agent, CT Corporation System, located at 300 Montvue Road, Knoxville, Tennessee 37919. That at all times material herein, the Defendant, ALLTEL CORPORATION, was in the business of manufacturing, designing, testing, assembling, supplying, selling, importing, and

3

distributing electronics, including the "Samsung Galaxy A02S" cellphone and its component parts that are the subject of this lawsuit.

8. Defendant, GTE WIRELESS, LLC (hereinafter "GTE WIRELESS"), is a foreign limited liability company, registered to do business in the State of Tennessee, with principal offices located at 1 Verizon Way, Basking Ridge, New Jersey 07920 and can be served with process through its registered agent, CT Corporation System, located at 300 Montvue Road, Knoxville, Tennessee 37919. That at all times material herein, the Defendant, GTE Wireless, was in the business of manufacturing, designing, testing, assembling, supplying, selling, importing, and distributing electronics, including the "Samsung Galaxy A02S" cellphone and its component parts that are the subject of this lawsuit.

## JURISDICTION

9. Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs one (1) through eight (8) with the same force and effect as though fully set forth herein.

10. This Complaint was filed within the applicable statute of limitations.

11. Jurisdiction and venue are proper in this Honorable Court because Shelby County is the county in which the subject accident giving rise to this Complaint took place.

## GENERAL ALLEGATIONS

12. Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs one (1) through eleven (11) with the same force and effect as though fully set forth herein.

13. At all times material herein, Mr. Hill was a participant in the Safelink Wireless program and was issued the subject "Samsung Galaxy A02s" by the Defendant, SAFELINK, operated by Defendant, TRACFONE.

4

14. On January 24, 2023, Mr. Hill was in possession of the subject "Samsung Galaxy A02s" cell phone in the same quality and condition as originally provided by SAFELINK.

15. In the evening of January 24, 2023, Mr. Hill had placed the subject "Samsung Galaxy A02s" cell phone in his left pocket and was operating his vehicle traveling home from work. Mr. Hill began to feel the back of his left leg burning and noticed smoke ascending from his pocket.

16. Suddenly and without warning, the subject "Samsung Galaxy A02s" cell phone exploded and caught fire in Mr. Hill's pants – burning directly through two (2) layers of pants (Exhibit A – Photo of Sweatpants worn under work pants; Exhibit B – Photo of top layer pant), and engulfing Mr. Hill's leg in flames.

| Exhibit A – Photo of Sweatpants after explosion of the Samsung Galaxy A02s in Mr. Hill's pocket. |
| --- |



5

> Exhibit B – Photo of Work Pants (top layer) after explosion of the
> Samsung Galaxy A02s in Mr. Hill's pocket.



17.    Although Mr. Hill was able to remove the subject "Samsung Galaxy A02s" cell phone, he was unable to quickly remove his clothing because of the ignited cell phone and clothing leaving Mr. Hill in shock and extreme pain.

18.    Mr. Hill's "Samsung Galaxy A02s" cell phone was completely charred and destroyed as a result of the explosion. (Exhibit C – Photo of Mr. Hill's exploded cell phone).

6

Exhibit C – Photo of the exploded Samsung Galaxy A02s.



19.     The "Samsung Galaxy A02s" cell phone battery explosion and fire caused extensive damage to Mr. Hill, including but not limited to second degree burns to his left buttock and thigh.

20.     Mr. Hill was evaluated at Regional One Medical Center, in Memphis, Tennessee where he was treated for his burns, including significant skin graft surgery.

21.     As a result of the Defendants' negligence, strict liability and other liability producing conduct and the explosion of the "Samsung Galaxy A02s" phone battery and concurrent

7

fire, Mr. Hill sustained severe, permanent, and life-altering injuries including but not limited to his legs and buttocks.

## COUNT 1:
## STRICT PRODUCTS LIABILITY AGAINST
## DEFENDANT  SAMSUNG ELECTRONICS AMERICA, INC.

22. Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs one (1) through twenty-one (21) with the same force and effect as though fully set forth herein.

23. Defendant Samsung Electronics America, Inc. (hereinafter Defendant Samsung) is engaged in the business of selling manufacturing, designing, testing, assembling, supplying, importing, and distributing electronics to the public, including the "Samsung Galaxy A02s" cell phone purchased and used by Mr. Hill.

24. Defendant SAMSUNG placed the "Samsung Galaxy A02s" cell phone in the stream of commerce for sale through retailers with knowledge that it would be used without inspecting for dangers or defects. Defendant SAMSUNG knew or should have known that the ultimate users, operators or consumers would not or could not properly inspect these products for dangerous conditions and that the detection of such defects and dangers would be beyond with capabilities of such persons.

25. The "Samsung Galaxy A02s" cell phone was not reasonably fit, suitable, or safe to the ultimate operators or consumers for its intended or reasonably foreseeable purposes when manufactured, designed, tested, assembled, supplied, imported, distributed and/or sold by Defendant SAMSUNG as follows:

  a. The "Samsung Galaxy A02s"  cell phone was manufactured, designed, tested, assembled, supplied, imported, distributed and/or sold in an unsafe, unsuitable,

8

unreasonable dangerous and defective condition such that the "Samsung Galaxy A02s" cell phone had an unreasonable propensity to heat and catch fire during normal and foreseeable conditions; The "Samsung Galaxy A02s" cell phone was manufactured, designed, tested, assembled, supplied, imported, distributed and/or sold in an unreasonably safe, suitable, fit, dangerous, and defective condition, such that the cell phone had an unreasonable propensity to explode during normal and foreseeable conditions;

b. The "Samsung Galaxy A02s" cell phone was defective in its design, manufacture, and warnings, in that it failed to operate as marketed and advertised, and failed to alert users to the hazardous conditions described herein;

c. The "Samsung Galaxy A02s" cell phone was defective due to inadequate, or the absence of, warnings or instructions, including warning stickers, placards, or proper documentation to alert users regarding the hazardous conditions described herein; and

d. The "Samsung Galaxy A02s" cell phone was defective in that its risks outweighed its utility and/or in that a more practical, feasible, and safer alternative design existed that would have reduced or prevented the propensity of the lithium-ion battery to explode.

26. At the time of the subject incident, the "Samsung Galaxy A02s" cell phone was in the substantially same condition as when sold and distributed by Defendant SAMSUNG.

27. For the reasons set forth above the "Samsung Galaxy A02s" cell phone was unreasonably fit, suitable, and safe to foreseeable users, including Mr. Hill.

28. As a direct and proximate cause of the foregoing conduct of Defendant

9

SAMSUNG, Mr. Hill has suffered injuries, pain, suffering and mental anguish, has been prevented from participating in his normal, daily activities and transacting business, suffered a period of disability and inconvenience, incurred medical bills and other incidental expenses in an effort to be cured of said injuries, will continue to suffer claimed damages into the future and has been hampered in the conduct of his personal activities.

AND OR IN THE ALTERNATIVE

**COUNT 2:**
**STRICT PRODUCTS LIABILITY AGAINST**
**DEFENDANT TRACFONE WIRELESS, INC.**

29.    Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs one (1) through twenty-eight (28) with the same force and effect as though fully set forth herein.

30.    Defendant Tracfone Wireless, Inc. (hereinafter Defendant Tracfone) is engaged in the business of selling manufacturing, designing, testing, assembling, supplying, importing, and distributing electronics to the public, including the "Samsung Galaxy A02s" cell phone purchased and used by Mr. Hill.

31.    Defendant TRACFONE placed the "Samsung Galaxy A02s" cell phone in the stream of commerce for sale through retailers with knowledge that it would be used without inspecting for dangers or defects. Defendant TRACFONE knew or should have known that the ultimate users, operators or consumers would not or could not properly inspect these products for dangerous conditions and that the detection of such defects and dangers would be beyond with capabilities of such persons.

32.    The "Samsung Galaxy A02s" cell phone was not reasonably fit, suitable, or safe to the ultimate operators or consumers for its intended or reasonably foreseeable purposes when

10

manufactured, designed, tested, assembled, supplied, imported, distributed and/or sold by Defendant TRACFONE as follows:

a.   The "Samsung Galaxy A02s" cell phone was manufactured, designed, tested, assembled, supplied, imported, distributed and/or sold in an unsafe, unsuitable, unreasonable dangerous and defective condition such that the "Samsung Galaxy A02s" cell phone had an unreasonable propensity to heat and catch fire during normal and foreseeable conditions; The "Samsung Galaxy A02s" cell phone was manufactured, designed, tested, assembled, supplied, imported, distributed and/or sold in an unreasonably safe, suitable, fit, dangerous, and defective condition, such that the cell phone had an unreasonable propensity to explode during normal and foreseeable conditions;

b.   The "Samsung Galaxy A02s" cell phone was defective in its design, manufacture, and warnings, in that it failed to operate as marketed and advertised, and failed to alert users to the hazardous conditions described herein;

c.   The "Samsung Galaxy A02s" cell phone was defective due to inadequate, or the absence of, warnings or instructions, including warning stickers, placards, or proper documentation to alert users regarding the hazardous conditions described herein; and

d.   The "Samsung Galaxy A02s" cell phone was defective in that its risks outweighed its utility and/or in that a more practical, feasible, and safer alternative design existed that would have reduced or prevented the propensity of the lithium-ion battery to explode.

33.   At the time of the subject incident, the "Samsung Galaxy A02s" cell phone was in

11

the substantially same condition as when sold and distributed by Defendant TRACFONE.

34.    For the reasons set forth above the "Samsung Galaxy A02s" cell phone was unreasonably fit, suitable, and safe to foreseeable users, including Mr. Hill.

35.    As a direct and proximate cause of the foregoing conduct of Defendant TRACFONE, Mr. Hill has suffered injuries, pain, suffering and mental anguish, has been prevented from participating in his normal, daily activities and transacting business, suffered a period of disability and inconvenience, incurred medical bills and other incidental expenses in an effort to be cured of said injuries, will continue to suffer claimed damages into the future and has been hampered in the conduct of his personal activities.

AND OR IN THE ALTERNATIVE

<b><u>COUNT 3:
STRICT PRODUCTS LIABILITY AGAINST
DEFENDNAT SAFELINK WIRELESS D/B/A TRACFONE
WIRELESS, INC.</u></b>

36.    Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs one (1) through thirty-five (35) with the same force and effect as though fully set forth herein.

37.    Defendant SAFELINK WIRELESS D/B/A TRACFONE WIRELESS, INC. (hereinafter Defendant Safelink) is engaged in the business of selling manufacturing, designing, testing, assembling, supplying, importing, and distributing electronics to the public, including the "Samsung Galaxy A02s" cell phone purchased and used by Mr. Hill.

38.    Defendant, SAFELINK placed the "Samsung Galaxy A02s" cell phone in the stream of commerce for sale through retailers with knowledge that it would be used without inspecting for dangers or defects. Defendant, SAFELINK knew or should have known that the ultimate users, operators or consumers would not or could not properly inspect these products for

12

dangerous conditions and that the detection of such defects and dangers would be beyond with capabilities of such persons.

39.    The "Samsung Galaxy A02s" cell phone was not reasonably fit, suitable, or safe to the ultimate operators or consumers for its intended or reasonably foreseeable purposes when manufactured, designed, tested, assembled, supplied, imported, distributed and/or sold by Defendant SAFELINK as follows:

a.    The "Samsung Galaxy A02s" cell phone was manufactured, designed, tested, assembled, supplied, imported, distributed and/or sold in an unsafe, unsuitable, unreasonable dangerous and defective condition such that the "Samsung Galaxy A02s" cell phone had an unreasonable propensity to heat and catch fire during normal and foreseeable conditions; The "Samsung Galaxy A02s" cell phone was manufactured, designed, tested, assembled, supplied, imported, distributed and/or sold in an unreasonably safe, suitable, fit, dangerous, and defective condition, such that the cell phone had an unreasonable propensity to explode during normal and foreseeable conditions;

b.    The "Samsung Galaxy A02s" cell phone was defective in its design, manufacture, and warnings, in that it failed to operate as marketed and advertised, and failed to alert users to the hazardous conditions described herein;

c.    The "Samsung Galaxy A02s" cell phone was defective due to inadequate, or the absence of, warnings or instructions, including warning stickers, placards, or proper documentation to alert users regarding the hazardous conditions described herein; and

d.    The "Samsung Galaxy A02s" cell phone was defective in that its risks outweighed

13

its utility and/or in that a more practical, feasible, and safer alternative design existed that would have reduced or prevented the propensity of the lithium-ion battery to explode.

40. At the time of the subject incident, the "Samsung Galaxy A02s" cell phone was in the substantially same condition as when sold and distributed by Defendant SAFELINK.

41. For the reasons set forth above the "Samsung Galaxy A02s" cell phone was unreasonably fit, suitable, and safe to foreseeable users, including Mr. Hill.

42. As a direct and proximate cause of the foregoing conduct of Defendant SAFELINK, Mr. Hill has suffered injuries, pain, suffering and mental anguish, has been prevented from participating in his normal, daily activities and transacting business, suffered a period of disability and inconvenience, incurred medical bills and other incidental expenses in an effort to be cured of said injuries, will continue to suffer claimed damages into the future and has been hampered in the conduct of his personal activities.

AND OR IN THE ALTERNATIVE

**COUNT 4:**
**STRICT PRODUCTS LIABILITY AGAINST**
**DEFENDANT VERIZON WIRELESS SERVICES, LLC**

43. Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs one (1) through forty-two (42) with the same force and effect as though fully set forth herein.

44. Defendant Verizon Wireless Services, LLC (hereinafter Defendant Verizon), is engaged in the business of selling manufacturing, designing, testing, assembling, supplying, importing, and distributing electronics to the public, including the "Samsung Galaxy A02s" cell phone purchased and used by Mr. Hill.

14

45.    Defendant, VERIZON, placed the "Samsung Galaxy A02s" cell phone in the stream of commerce for sale through retailers with knowledge that it would be used without inspecting for dangers or defects. Defendant, VERIZON, knew or should have known that the ultimate users, operators or consumers would not or could not properly inspect these products for dangerous conditions and that the detection of such defects and dangers would be beyond with capabilities of such persons.

46.    The "Samsung Galaxy A02s" cell phone was not reasonably fit, suitable, or safe to the ultimate operators or consumers for its intended or reasonably foreseeable purposes when manufactured, designed, tested, assembled, supplied, imported, distributed and/or sold by Defendant, VERIZON, as follows:

a.    The "Samsung Galaxy A02s" cell phone was manufactured, designed, tested, assembled, supplied, imported, distributed and/or sold in an unsafe, unsuitable, unreasonable dangerous and defective condition such that the "Samsung Galaxy A02s" cell phone had an unreasonable propensity to heat and catch fire during normal and foreseeable conditions; The "Samsung Galaxy A02s" cell phone was manufactured, designed, tested, assembled, supplied, imported, distributed and/or sold in an unreasonably safe, suitable, fit, dangerous, and defective condition, such that the cell phone had an unreasonable propensity to explode during normal and foreseeable conditions;

b.    The "Samsung Galaxy A02s" cell phone was defective in its design, manufacture, and warnings, in that it failed to operate as marketed and advertised, and failed to alert users to the hazardous conditions described herein;

c.    The "Samsung Galaxy A02s" cell phone was defective due to inadequate, or the

15

absence of, warnings or instructions, including warning stickers, placards, or proper documentation to alert users regarding the hazardous conditions described herein; and

d.    The "Samsung Galaxy A02s" cell phone was defective in that its risks outweighed its utility and/or in that a more practical, feasible, and safer alternative design existed that would have reduced or prevented the propensity of the lithium-ion battery to explode.

47.    At the time of the subject incident, the "Samsung Galaxy A02s" cell phone was in the substantially same condition as when sold and distributed by Defendant, VERIZON.

48.    For the reasons set forth above the "Samsung Galaxy A02s" cell phone was unreasonably fit, suitable, and safe to foreseeable users, including Mr. Hill.

49.    As a direct and proximate cause of the foregoing conduct of Defendant VERIZON, Mr. Hill has suffered injuries, pain, suffering and mental anguish, has been prevented from participating in his normal, daily activities and transacting business, suffered a period of disability and inconvenience, incurred medical bills and other incidental expenses in an effort to be cured of said injuries, will continue to suffer claimed damages into the future and has been hampered in the conduct of his personal activities.

AND OR IN THE ALTERNATIVE

**COUNT 5:**
**STRICT PRODUCTS LIABILITY AGAINST**
**DEFENDANT VERIZON COMMUNICATIONS, INC.**

50.    Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs one (1) through forty-nine (49) with the same force and effect as though fully set forth herein.

16

51.    Defendant VERIZON COMMUNICATIONS, INC. (hereinafter Defendant Verizon Communication), is engaged in the business of selling manufacturing, designing, testing, assembling, supplying, importing, and distributing electronics to the public, including the "Samsung Galaxy A02s" cell phone purchased and used by Mr. Hill.

52.    Defendant, VERIZON COMMUNICATION, placed the "Samsung Galaxy A02s" cell phone in the stream of commerce for sale through retailers with knowledge that it would be used without inspecting for dangers or defects. Defendant, VERIZON COMMUNICATION, knew or should have known that the ultimate users, operators or consumers would not or could not properly inspect these products for dangerous conditions and that the detection of such defects and dangers would be beyond with capabilities of such persons.

53.    The "Samsung Galaxy A02s" cell phone was not reasonably fit, suitable, or safe to the ultimate operators or consumers for its intended or reasonably foreseeable purposes when manufactured, designed, tested, assembled, supplied, imported, distributed and/or sold by Defendant, VERIZON COMMUNICATION, as follows:

a.    The "Samsung Galaxy A02s" cell phone was manufactured, designed, tested, assembled, supplied, imported, distributed and/or sold in an unsafe, unsuitable, unreasonable dangerous and defective condition such that the "Samsung Galaxy A02s" cell phone had an unreasonable propensity to heat and catch fire during normal and foreseeable conditions; The "Samsung Galaxy A02s" cell phone was manufactured, designed, tested, assembled, supplied, imported, distributed and/or sold in an unreasonably safe, suitable, fit, dangerous, and defective condition, such that the cell phone had an unreasonable propensity to explode during normal and foreseeable conditions;

17

b.      The "Samsung Galaxy A02s" cell phone was defective in its design, manufacture, and warnings, in that it failed to operate as marketed and advertised, and failed to alert users to the hazardous conditions described herein;

c.      The "Samsung Galaxy A02s" cell phone was defective due to inadequate, or the absence of, warnings or instructions, including warning stickers, placards, or proper documentation to alert users regarding the hazardous conditions described herein; and

d.      The "Samsung Galaxy A02s" cell phone was defective in that its risks outweighed its utility and/or in that a more practical, feasible, and safer alternative design existed that would have reduced or prevented the propensity of the lithium-ion battery to explode.

54.      At the time of the subject incident, the "Samsung Galaxy A02s" cell phone was in the substantially same condition as when sold and distributed by Defendant, VERIZON COMMUNICATION.

55.      For the reasons set forth above the "Samsung Galaxy A02s" cell phone was unreasonably fit, suitable, and safe to foreseeable users, including Mr. Hill.

56.      As a direct and proximate cause of the foregoing conduct of Defendant VERIZON COMMUNICATION, Mr. Hill has suffered injuries, pain, suffering and mental anguish, has been prevented from participating in his normal, daily activities and transacting business, suffered a period of disability and inconvenience, incurred medical bills and other incidental expenses in an effort to be cured of said injuries, will continue to suffer claimed damages into the future and has been hampered in the conduct of his personal activities.

AND OR IN THE ALTERNATIVE

18

## COUNT 6:
## STRICT PRODUCTS LIABILITY AGAINST
## DEFENDANT ALLTEL CORPORATION

57.     Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs one (1) through fifty-six (56) with the same force and effect as though fully set forth herein.

58.     Defendant ALLTEL CORPORATION (hereinafter Defendant Alltel), is engaged in the business of selling manufacturing, designing, testing, assembling, supplying, importing, and distributing electronics to the public, including the "Samsung Galaxy A02s" cell phone purchased and used by Mr. Hill.

59.     Defendant, ALLTEL, placed the "Samsung Galaxy A02s" cell phone in the stream of commerce for sale through retailers with knowledge that it would be used without inspecting for dangers or defects. Defendant, ALLTEL, knew or should have known that the ultimate users, operators or consumers would not or could not properly inspect these products for dangerous conditions and that the detection of such defects and dangers would be beyond with capabilities of such persons.

60.     The "Samsung Galaxy A02s" cell phone was not reasonably fit, suitable, or safe to the ultimate operators or consumers for its intended or reasonably foreseeable purposes when manufactured, designed, tested, assembled, supplied, imported, distributed and/or sold by Defendant, ALLTEL, as follows:

a.      The "Samsung Galaxy A02s" cell phone was manufactured, designed, tested, assembled, supplied, imported, distributed and/or sold in an unsafe, unsuitable, unreasonable dangerous and defective condition such that the "Samsung Galaxy A02s" cell phone had an unreasonable propensity to heat and catch fire during

19

normal and foreseeable conditions; The "Samsung Galaxy A02s" cell phone was manufactured, designed, tested, assembled, supplied, imported, distributed and/or sold in an unreasonably safe, suitable, fit, dangerous, and defective condition, such that the cell phone had an unreasonable propensity to explode during normal and foreseeable conditions;

b.   The "Samsung Galaxy A02s" cell phone was defective in its design, manufacture, and warnings, in that it failed to operate as marketed and advertised, and failed to alert users to the hazardous conditions described herein;

c.   The "Samsung Galaxy A02s" cell phone was defective due to inadequate, or the absence of, warnings or instructions, including warning stickers, placards, or proper documentation to alert users regarding the hazardous conditions described herein; and

d.   The "Samsung Galaxy A02s" cell phone was defective in that its risks outweighed its utility and/or in that a more practical, feasible, and safer alternative design existed that would have reduced or prevented the propensity of the lithium-ion battery to explode.

61.   At the time of the subject incident, the "Samsung Galaxy A02s" cell phone was in the substantially same condition as when sold and distributed by Defendant, ALLTEL.

62.   For the reasons set forth above the "Samsung Galaxy A02s" cell phone was unreasonably fit, suitable, and safe to foreseeable users, including Mr. Hill.

63.   As a direct and proximate cause of the foregoing conduct of Defendant ALLTEL, Mr. Hill has suffered injuries, pain, suffering and mental anguish, has been prevented from participating in his normal, daily activities and transacting business, suffered a period of disability

20

and inconvenience, incurred medical bills and other incidental expenses in an effort to be cured of said injuries, will continue to suffer claimed damages into the future and has been hampered in the conduct of his personal activities.

AND OR IN THE ALTERNATIVE

**COUNT 7:**
**STRICT PRODUCTS LIABILITY AGAINST**
**DEFENDANT GTE WIRELESS, LLC**

64.    Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs one (1) through sixty-three (63) with the same force and effect as though fully set forth herein.

65.    Defendant GTE WIRELESS, LLC (hereinafter Defendant GTE Wireless), is engaged in the business of selling manufacturing, designing, testing, assembling, supplying, importing, and distributing electronics to the public, including the "Samsung Galaxy A02s" cell phone purchased and used by Mr. Hill.

66.    Defendant, GTE WIRELESS, placed the "Samsung Galaxy A02s" cell phone in the stream of commerce for sale through retailers with knowledge that it would be used without inspecting for dangers or defects. Defendant, GTE WIRELESS, knew or should have known that the ultimate users, operators or consumers would not or could not properly inspect these products for dangerous conditions and that the detection of such defects and dangers would be beyond with capabilities of such persons.

67.    The "Samsung Galaxy A02s" cell phone was not reasonably fit, suitable, or safe to the ultimate operators or consumers for its intended or reasonably foreseeable purposes when manufactured, designed, tested, assembled, supplied, imported, distributed and/or sold by Defendant, GTE WIRELESS, as follows:

21

a.  The "Samsung Galaxy A02s" cell phone was manufactured, designed, tested, assembled, supplied, imported, distributed and/or sold in an unsafe, unsuitable, unreasonable dangerous and defective condition such that the "Samsung Galaxy A02s" cell phone had an unreasonable propensity to heat and catch fire during normal and foreseeable conditions; The "Samsung Galaxy A02s" cell phone was manufactured, designed, tested, assembled, supplied, imported, distributed and/or sold in an unreasonably safe, suitable, fit, dangerous, and defective condition, such that the cell phone had an unreasonable propensity to explode during normal and foreseeable conditions;

b.  The "Samsung Galaxy A02s" cell phone was defective in its design, manufacture, and warnings, in that it failed to operate as marketed and advertised, and failed to alert users to the hazardous conditions described herein;

c.  The "Samsung Galaxy A02s" cell phone was defective due to inadequate, or the absence of, warnings or instructions, including warning stickers, placards, or proper documentation to alert users regarding the hazardous conditions described herein; and

d.  The "Samsung Galaxy A02s" cell phone was defective in that its risks outweighed its utility and/or in that a more practical, feasible, and safer alternative design existed that would have reduced or prevented the propensity of the lithium-ion battery to explode.

68.  At the time of the subject incident, the "Samsung Galaxy A02s" cell phone was in the substantially same condition as when sold and distributed by Defendant, GTE WIRELESS.

69.  For the reasons set forth above the "Samsung Galaxy A02s" cell phone was

22

unreasonably fit, suitable, and safe to foreseeable users, including Mr. Hill.

70.    As a direct and proximate cause of the foregoing conduct of Defendant GTE WIRELESS, Mr. Hill has suffered injuries, pain, suffering and mental anguish, has been prevented from participating in his normal, daily activities and transacting business, suffered a period of disability and inconvenience, incurred medical bills and other incidental expenses in an effort to be cured of said injuries, will continue to suffer claimed damages into the future and has been hampered in the conduct of his personal activities.

AND OR IN THE ALTERNATIVE

## COUNT 8:
## NEGLIGENCE AGAINST DEFENDANT SAMSUNG

71.    Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs one (1) through seventy (70) with the same force and effect as though fully set forth herein.

72.    Defendant, SAMSUNG, knew or in the exercise of due care should have known that the "Samsung Galaxy A02s" phone would be used without inspection in an unreasonably fit, suitable, safe, and dangerous condition and would create a foreseeable risk of harm to users, including Mr. Hill. Defendant SAMSUNG was under a duty to properly and adequately manufacture, design, test, assemble, supply, import, distribute and/or sell the "Samsung Galaxy A02s" phone in a reasonably fit, suitable, and safe condition as not to present a danger to members of the general public who reasonably and expectedly, under ordinary circumstances, would come into contact with it, including Mr. Hill.

73.    Defendant SAMSUNG breached the duty owed to Mr. Hill by negligently selling manufacturing, designing, testing, assembling, supplying, importing, and/or distributing the

23

"Samsung Galaxy A02s" phone when it was not in a reasonably fit, suitable, or safe condition for foreseeable use, as follows:

74.    Failing to manufacture, design, test, assemble, supply, import, distribute and/or sell the "Samsung Galaxy A02s" phone in such a manner that it would not spontaneously heat and catch fire;

75.    Failing to manufacture, design, test, assemble, supply, import, distribute and/or sell the "Samsung Galaxy A02s" phone in such a manner that it would not spontaneously explode; and

76.    Failing to provide reasonable and adequate warnings to the suppliers, purchasers and users of the "Samsung Galaxy A02s" phone to alert users of the dangerous conditions described herein.

77.    The defects described above existed at the time the "Samsung Galaxy A02s" phone left SAMSUNG's control and did not undergo substantial change.

78.    Mr. Hill was a foreseeable user or consumer.

79.    The negligence described above directly and proximately caused the incident and injuries sustained by Mr. Hill in that it directly and in natural continuous sequence, produced or sustainably contributed to his injuries.

80.    As a direct and proximate result of the foregoing negligence of Defendant SAMSUNG, Mr. Hill has suffered injuries, pain, suffering and mental anguish, has been prevented from participating in his normal, daily activities and transacting business, suffered a period of disability and inconvenience, incurred medical bills and other incidental expenses in an effort to be cured of said injuries, will continue to suffer claimed damages into the future and has been hampered in the conduct of his personal activities.

AND OR IN THE ALTERNATIVE

24

## COUNT 9:
## NEGLIGENCE AGAINST DEFENDANT TRACFONE

81.    Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs one (1) through eighty (80) with the same force and effect as though fully set forth herein.

82.    Defendant, TRACFONE, knew or in the exercise of due care should have known that the "Samsung Galaxy A02s" phone would be used without inspection in an unreasonably fit, suitable, safe, and dangerous condition and would create a foreseeable risk of harm to users, including Mr. Hill. Defendant, TRACFONE, was under a duty to properly and adequately manufacture, design, test, assemble, supply, import, distribute and/or sell the "Samsung Galaxy A02s" phone in a reasonably fit, suitable, and safe condition as not to present a danger to members of the general public who reasonably and expectedly, under ordinary circumstances, would come into contact with it, including Mr. Hill.

83.    Defendant, TRACFONE, breached the duty owed to Mr. Hill by negligently selling manufacturing, designing, testing, assembling, supplying, importing, and/or distributing the "Samsung Galaxy A02s" phone when it was not in a reasonably fit, suitable, or safe condition for foreseeable use, as follows:

84.    Failing to manufacture, design, test, assemble, supply, import, distribute and/or sell the "Samsung Galaxy A02s" phone in such a manner that it would not spontaneously heat and catch fire;

85.    Failing to manufacture, design, test, assemble, supply, import, distribute and/or sell the "Samsung Galaxy A02s" phone in such a manner that it would not spontaneously explode; and

86.     Failing to provide reasonable and adequate warnings to the suppliers, purchasers and users of the "Samsung Galaxy A02s" phone to alert users of the dangerous conditions described herein.

87.     The defects described above existed at the time the "Samsung Galaxy A02s" phone left Defendant, TRACFONE's control and did not undergo substantial change.

88.     Mr. Hill was a foreseeable user or consumer.

89.     The negligence described above directly and proximately caused the incident and injuries sustained by Mr. Hill in that it directly and in natural continuous sequence, produced or sustainably contributed to his injuries.

90.     As a direct and proximate result of the foregoing negligence of Defendant, TRACFONE, Mr. Hill has suffered injuries, pain, suffering and mental anguish, has been prevented from participating in his normal, daily activities and transacting business, suffered a period of disability and inconvenience, incurred medical bills and other incidental expenses in an effort to be cured of said injuries, will continue to suffer claimed damages into the future and has been hampered in the conduct of his personal activities.

AND OR IN THE ALTERNATIVE

<strong><u>COUNT 10:</u></strong><br><strong><u>NEGLIGENCE AGAINST DEFENDANT SAFELINK</u></strong>

91.     Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs one (1) through ninety (90) with the same force and effect as though fully set forth herein.

92.     Defendant, SAFELINK, knew or in the exercise of due care should have known that the "Samsung Galaxy A02s" phone would be used without inspection in an unreasonably fit, suitable, safe, and dangerous condition and would create a foreseeable risk of harm to users,

26

including Mr. Hill. Defendant, SAFELINK, was under a duty to properly and adequately manufacture, design, test, assemble, supply, import, distribute and/or sell the "Samsung Galaxy A02s" phone in a reasonably fit, suitable, and safe condition as not to present a danger to members of the general public who reasonably and expectedly, under ordinary circumstances, would come into contact with it, including Mr. Hill.

93.    Defendant, SAFELINK, breached the duty owed to Mr. Hill by negligently selling manufacturing, designing, testing, assembling, supplying, importing, and/or distributing the "Samsung Galaxy A02s" phone when it was not in a reasonably fit, suitable, or safe condition for foreseeable use, as follows:

94.    Failing to manufacture, design, test, assemble, supply, import, distribute and/or sell the "Samsung Galaxy A02s" phone in such a manner that it would not spontaneously heat and catch fire;

95.    Failing to manufacture, design, test, assemble, supply, import, distribute and/or sell the "Samsung Galaxy A02s" phone in such a manner that it would not spontaneously explode; and

96.    Failing to provide reasonable and adequate warnings to the suppliers, purchasers and users of the "Samsung Galaxy A02s" phone to alert users of the dangerous conditions described herein.

97.    The defects described above existed at the time the "Samsung Galaxy A02s" phone left Defendant, SAFELINK's control and did not undergo substantial change.

98.    Mr. Hill was a foreseeable user or consumer.

99.    The negligence described above directly and proximately caused the incident and injuries sustained by Mr. Hill in that it directly and in natural continuous sequence, produced or sustainably contributed to his injuries.

27

100.    As a direct and proximate result of the foregoing negligence of Defendant, SAFELINK, Mr. Hill has suffered injuries, pain, suffering and mental anguish, has been prevented from participating in his normal, daily activities and transacting business, suffered a period of disability and inconvenience, incurred medical bills and other incidental expenses in an effort to be cured of said injuries, will continue to suffer claimed damages into the future and has been hampered in the conduct of his personal activities.

AND OR IN THE ALTERNATIVE

<strong><u>COUNT 11:</u><br><u>NEGLIGENCE AGAINST DEFENDANT VERIZON</u></strong>

101.    Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs one (1) through one hundred (100) with the same force and effect as though fully set forth herein.

102.    Defendant, VERIZON, knew or in the exercise of due care should have known that the "Samsung Galaxy A02s" phone would be used without inspection in an unreasonably fit, suitable, safe, and dangerous condition and would create a foreseeable risk of harm to users, including Mr. Hill. Defendant, VERIZON, was under a duty to properly and adequately manufacture, design, test, assemble, supply, import, distribute and/or sell the "Samsung Galaxy A02s" phone in a reasonably fit, suitable, and safe condition as not to present a danger to members of the general public who reasonably and expectedly, under ordinary circumstances, would come into contact with it, including Mr. Hill.

103.    Defendant, VERIZON, breached the duty owed to Mr. Hill by negligently selling manufacturing, designing, testing, assembling, supplying, importing, and/or distributing the "Samsung Galaxy A02s" phone when it was not in a reasonably fit, suitable, or safe condition for foreseeable use, as follows:

28

104. Failing to manufacture, design, test, assemble, supply, import, distribute and/or sell the "Samsung Galaxy A02s" phone in such a manner that it would not spontaneously heat and catch fire;

105. Failing to manufacture, design, test, assemble, supply, import, distribute and/or sell the "Samsung Galaxy A02s" phone in such a manner that it would not spontaneously explode; and

106. Failing to provide reasonable and adequate warnings to the suppliers, purchasers and users of the "Samsung Galaxy A02s" phone to alert users of the dangerous conditions described herein.

107. The defects described above existed at the time the "Samsung Galaxy A02s" phone left Defendant, VERIZON's control and did not undergo substantial change.

108. Mr. Hill was a foreseeable user or consumer.

109. The negligence described above directly and proximately caused the incident and injuries sustained by Mr. Hill in that it directly and in natural continuous sequence, produced or sustainably contributed to his injuries.

110. As a direct and proximate result of the foregoing negligence of Defendant, VERIZON, Mr. Hill has suffered injuries, pain, suffering and mental anguish, has been prevented from participating in his normal, daily activities and transacting business, suffered a period of disability and inconvenience, incurred medical bills and other incidental expenses in an effort to be cured of said injuries, will continue to suffer claimed damages into the future and has been hampered in the conduct of his personal activities.

AND OR IN THE ALTERNATIVE

29

<u>**COUNT 12:**</u>
<u>**NEGLIGENCE AGAINST DEFENDANT VERIZON COMMUNICATION**</u>

111.    Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs one (1) through one hundred ten (110) with the same force and effect as though fully set forth herein.

112.    Defendant, VERIZON COMMUNICATION, knew or in the exercise of due care should have known that the "Samsung Galaxy A02s" phone would be used without inspection in an unreasonably fit, suitable, safe, and dangerous condition and would create a foreseeable risk of harm to users, including Mr. Hill. Defendant, VERIZON COMMUNICATION, was under a duty to properly and adequately manufacture, design, test, assemble, supply, import, distribute and/or sell the "Samsung Galaxy A02s" phone in a reasonably fit, suitable, and safe condition as not to present a danger to members of the general public who reasonably and expectedly, under ordinary circumstances, would come into contact with it, including Mr. Hill.

113.    Defendant, VERIZON COMMUNICATION, breached the duty owed to Mr. Hill by negligently selling manufacturing, designing, testing, assembling, supplying, importing, and/or distributing the "Samsung Galaxy A02s" phone when it was not in a reasonably fit, suitable, or safe condition for foreseeable use, as follows:

114.    Failing to manufacture, design, test, assemble, supply, import, distribute and/or sell the "Samsung Galaxy A02s" phone in such a manner that it would not spontaneously heat and catch fire;

115.    Failing to manufacture, design, test, assemble, supply, import, distribute and/or sell the "Samsung Galaxy A02s" phone in such a manner that it would not spontaneously explode; and

116.   Failing to provide reasonable and adequate warnings to the suppliers, purchasers and users of the "Samsung Galaxy A02s" phone to alert users of the dangerous conditions described herein.

117.   The defects described above existed at the time the "Samsung Galaxy A02s" phone left Defendant, VERIZON COMMUNICATION's control and did not undergo substantial change.

118.   Mr. Hill was a foreseeable user or consumer.

119.   The negligence described above directly and proximately caused the incident and injuries sustained by Mr. Hill in that it directly and in natural continuous sequence, produced or sustainably contributed to his injuries.

120.   As a direct and proximate result of the foregoing negligence of Defendant, VERIZON COMMUNICATION, Mr. Hill has suffered injuries, pain, suffering and mental anguish, has been prevented from participating in his normal, daily activities and transacting business, suffered a period of disability and inconvenience, incurred medical bills and other incidental expenses in an effort to be cured of said injuries, will continue to suffer claimed damages into the future and has been hampered in the conduct of his personal activities.

AND OR IN THE ALTERNATIVE

<b>COUNT 12:<br>NEGLIGENCE AGAINST DEFENDANT ALLTEL</b>

121.   Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs one (1) through one hundred twenty (120) with the same force and effect as though fully set forth herein.

122.   Defendant, ALLTEL, knew or in the exercise of due care should have known that the "Samsung Galaxy A02s" phone would be used without inspection in an unreasonably fit, suitable, safe, and dangerous condition and would create a foreseeable risk of harm to users,

31

including Mr. Hill. Defendant, ALLTEL, was under a duty to properly and adequately manufacture, design, test, assemble, supply, import, distribute and/or sell the "Samsung Galaxy A02s" phone in a reasonably fit, suitable, and safe condition as not to present a danger to members of the general public who reasonably and expectedly, under ordinary circumstances, would come into contact with it, including Mr. Hill.

123.    Defendant, ALLTEL, breached the duty owed to Mr. Hill by negligently selling manufacturing, designing, testing, assembling, supplying, importing, and/or distributing the "Samsung Galaxy A02s" phone when it was not in a reasonably fit, suitable, or safe condition for foreseeable use, as follows:

124.    Failing to manufacture, design, test, assemble, supply, import, distribute and/or sell the "Samsung Galaxy A02s" phone in such a manner that it would not spontaneously heat and catch fire;

125.    Failing to manufacture, design, test, assemble, supply, import, distribute and/or sell the "Samsung Galaxy A02s" phone in such a manner that it would not spontaneously explode; and

126.    Failing to provide reasonable and adequate warnings to the suppliers, purchasers and users of the "Samsung Galaxy A02s" phone to alert users of the dangerous conditions described herein.

127.    The defects described above existed at the time the "Samsung Galaxy A02s" phone left Defendant, ALLTEL's control and did not undergo substantial change.

128.    Mr. Hill was a foreseeable user or consumer.

129.    The negligence described above directly and proximately caused the incident and injuries sustained by Mr. Hill in that it directly and in natural continuous sequence, produced or sustainably contributed to his injuries.

32

130.    As a direct and proximate result of the foregoing negligence of Defendant, ALLTEL, Mr. Hill has suffered injuries, pain, suffering and mental anguish, has been prevented from participating in his normal, daily activities and transacting business, suffered a period of disability and inconvenience, incurred medical bills and other incidental expenses in an effort to be cured of said injuries, will continue to suffer claimed damages into the future and has been hampered in the conduct of his personal activities.

AND OR IN THE ALTERNATIVE

<strong>COUNT 13:</strong><br><strong>NEGLIGENCE AGAINST DEFENDANT GTE WIRELESS</strong>

131.    Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs one (1) through one hundred thirty (130) with the same force and effect as though fully set forth herein.

132.    Defendant, GTE WIRELESS, knew or in the exercise of due care should have known that the "Samsung Galaxy A02s" phone would be used without inspection in an unreasonably fit, suitable, safe, and dangerous condition and would create a foreseeable risk of harm to users, including Mr. Hill. Defendant, GTE WIRELESS, was under a duty to properly and adequately manufacture, design, test, assemble, supply, import, distribute and/or sell the "Samsung Galaxy A02s" phone in a reasonably fit, suitable, and safe condition as not to present a danger to members of the general public who reasonably and expectedly, under ordinary circumstances, would come into contact with it, including Mr. Hill.

133.    Defendant, GTE WIRELESS, breached the duty owed to Mr. Hill by negligently selling manufacturing, designing, testing, assembling, supplying, importing, and/or distributing

33

the "Samsung Galaxy A02s" phone when it was not in a reasonably fit, suitable, or safe condition for foreseeable use, as follows:

134. Failing to manufacture, design, test, assemble, supply, import, distribute and/or sell the "Samsung Galaxy A02s" phone in such a manner that it would not spontaneously heat and catch fire;

135. Failing to manufacture, design, test, assemble, supply, import, distribute and/or sell the "Samsung Galaxy A02s" phone in such a manner that it would not spontaneously explode; and

136. Failing to provide reasonable and adequate warnings to the suppliers, purchasers and users of the "Samsung Galaxy A02s" phone to alert users of the dangerous conditions described herein.

137. The defects described above existed at the time the "Samsung Galaxy A02s" phone left Defendant, GTE WIRELESS' control and did not undergo substantial change.

138. Mr. Hill was a foreseeable user or consumer.

139. The negligence described above directly and proximately caused the incident and injuries sustained by Mr. Hill in that it directly and in natural continuous sequence, produced or sustainably contributed to his injuries.

140. As a direct and proximate result of the foregoing negligence of Defendant, GTE WIRELESS, Mr. Hill has suffered injuries, pain, suffering and mental anguish, has been prevented from participating in his normal, daily activities and transacting business, suffered a period of disability and inconvenience, incurred medical bills and other incidental expenses in an effort to be cured of said injuries, will continue to suffer claimed damages into the future and has been hampered in the conduct of his personal activities.

AND OR IN THE ALTERNATIVE

34

## COUNT 14:
## BREACH OF IMPLIED WARRANTY AGAINST
## DEFENDANT SAMSUNG

141.  Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs one (1) through one forty (140) with the same force and effect as though fully set forth herein.

142.  Defendant, SAMSUNG, is engaged in the business of selling manufacturing, designing, testing, assembling, supplying, importing, and distributing electronics to the public, including the "Samsung Galaxy A02s" cell phone purchased and used by Mr. Hill.

143.  Defendant, SAMSUNG, placed the "Samsung Galaxy A02s" cell phone in the stream of commerce for sale by retailers with knowledge that it would be used without inspecting for dangers or defects. Defendant, SAMSUNG, knew or should have known that the ultimate users, operators or consumers would not or could not properly inspect these products for dangerous conditions and that the detection of such defects and dangers would be beyond with capabilities of such persons.

144.  The "Samsung Galaxy A02s" cell phone unreasonably fit, suitable, or safe to the ultimate operators or consumers for its intended or reasonably foreseeable purposes when manufactured, designed, tested, assembled, supplied, imported, distributed and/or sold by Defendant, SAMSUNG, in the following ways:

a.  The "Samsung Galaxy A02s" cell phone was manufactured, designed, tested, assembled, supplied, imported, distributed and/or sold in an unreasonable, unfit, unsuitable, unsafe, dangerous and defective condition such that the "Samsung Galaxy A02s" cell phone had an unreasonable propensity to heat and catch fire during normal and foreseeable conditions;

b.  The "Samsung Galaxy A02s" cell phone was manufactured, designed, tested,

35

assembled, supplied, imported, distributed and/or sold in an unreasonable, unfit, unsuitable, unsafe, dangerous and defective condition such that the "Samsung Galaxy A02s" cell phone had an unreasonable propensity to explode during normal and foreseeable conditions;

c. The "Samsung Galaxy A02s" cell phone was defective in its design, manufacture, and warnings, in that it failed to operate as marketed and advertised, and failed to alert users to the hazardous conditions described herein;

d. The "Samsung Galaxy A02s" cell phone was defective due to inadequate, or the absence of, warnings or instructions, including warning stickers, placards, or proper documentation to alert users regarding the hazardous conditions described herein.

e. The "Samsung Galaxy A02s" cell phone was defective in that its risks outweighed its utility and/or in that a practical, feasible, and safer alternative design existed that would have reduced or prevented the propensity of the lithium-ion battery to explode.

f. The "Samsung Galaxy A02s" Cell Phone was designed, developed, tested, manufactured, assembled, sold, supplied, imported, and/or distributed in a manner which breached express or implied warranties of merchantability and/or fitness for its intended purpose.

145. At the time of the subject incident, the "Samsung Galaxy A02s" cell phone was in the substantially same condition as when it left SAMSUNG'S control.

146. For the reasons set forth above the "Samsung Galaxy A02s" cell phone was unreasonable, unfit, unsafe, unsuitable, dangerous, and defective to foreseeable users, including Mr. Hill.

147. As a direct and proximate cause of the foregoing conduct of Defendant, SAMSUNG, Mr. Hill has suffered injuries, pain, suffering and mental anguish, has been prevented

from participating in his normal, daily activities and transacting business, suffered a period of disability and inconvenience, incurred medical bills and other incidental expenses in an effort to be cured of said injuries, will continue to suffer claimed damages into the future and has been hampered in the conduct of his personal activities.

AND OR IN THE ALTERNATIVE

## COUNT 15:
### BREACH OF IMPLIED WARRANTY AGAINST DEFENDANT TRACFONE

148. Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs one (1) through one hundred forty-seven (147) with the same force and effect as though fully set forth herein.

149. Defendant, TRACFONE, is engaged in the business of selling manufacturing, designing, testing, assembling, supplying, importing, and distributing electronics to the public, including the "Samsung Galaxy A02s" cell phone purchased and used by Mr. Hill.

150. Defendant, TRACFONE, placed the "Samsung Galaxy A02s" cell phone in the stream of commerce for sale by retailers with knowledge that it would be used without inspecting for dangers or defects. Defendant, TRACFONE, knew or should have known that the ultimate users, operators or consumers would not or could not properly inspect these products for dangerous conditions and that the detection of such defects and dangers would be beyond with capabilities of such persons.

151. The "Samsung Galaxy A02s" cell phone unreasonably fit, suitable, or safe to the ultimate operators or consumers for its intended or reasonably foreseeable purposes when manufactured, designed, tested, assembled, supplied, imported, distributed and/or sold by Defendant, TRACFONE, in the following ways:

    a.    The "Samsung Galaxy A02s" cell phone was manufactured, designed, tested, assembled, supplied, imported, distributed and/or sold in an unreasonable, unfit,

37

unsuitable, unsafe, dangerous and defective condition such that the "Samsung Galaxy A02s" cell phone had an unreasonable propensity to heat and catch fire during normal and foreseeable conditions;

b.      The "Samsung Galaxy A02s" cell phone was manufactured, designed, tested, assembled, supplied, imported, distributed and/or sold in an unreasonable, unfit, unsuitable, unsafe, dangerous and defective condition such that the "Samsung Galaxy A02s" cell phone had an unreasonable propensity to explode during normal and foreseeable conditions;

c.      The "Samsung Galaxy A02s" cell phone was defective in its design, manufacture, and warnings, in that it failed to operate as marketed and advertised, and failed to alert users to the hazardous conditions described herein;

d.      The "Samsung Galaxy A02s" cell phone was defective due to inadequate, or the absence of, warnings or instructions, including warning stickers, placards, or proper documentation to alert users regarding the hazardous conditions described herein.

e.      The "Samsung Galaxy A02s" cell phone was defective in that its risks outweighed its utility and/or in that a practical, feasible, and safer alternative design existed that would have reduced or prevented the propensity of the lithium-ion battery to explode.

f.      The "Samsung Galaxy A02s" Cell Phone was designed, developed, tested, manufactured, assembled, sold, supplied, imported, and/or distributed in a manner which breached express or implied warranties of merchantability and/or fitness for its intended purpose.

152.   At the time of the subject incident, the "Samsung Galaxy A02s" cell phone was in the substantially same condition as when it left TRACFONE's control.

153.   For the reasons set forth above the "Samsung Galaxy A02s" cell phone was

38

unreasonable, unfit, unsafe, unsuitable, dangerous, and defective to foreseeable users, including Mr. Hill.

154.    As a direct and proximate cause of the foregoing conduct of Defendant, TRACFONE, Mr. Hill has suffered injuries, pain, suffering and mental anguish, has been prevented from participating in his normal, daily activities and transacting business, suffered a period of disability and inconvenience, incurred medical bills and other incidental expenses in an effort to be cured of said injuries, will continue to suffer claimed damages into the future and has been hampered in the conduct of his personal activities.

AND OR IN THE ALTERNATIVE

**COUNT 16:**
**BREACH OF IMPLIED WARRANTY AGAINST**
**DEFENDANT SMARTLINK**

155.    Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs one (1) through one hundred fifty-four (154) with the same force and effect as though fully set forth herein.

156.    Defendant, SMARTLINK, is engaged in the business of selling manufacturing, designing, testing, assembling, supplying, importing, and distributing electronics to the public, including the "Samsung Galaxy A02s" cell phone purchased and used by Mr. Hill.

157.    Defendant, SMARTLINK, placed the "Samsung Galaxy A02s" cell phone in the stream of commerce for sale by retailers with knowledge that it would be used without inspecting for dangers or defects. Defendant, SMARTLINK, knew or should have known that the ultimate users, operators or consumers would not or could not properly inspect these products for dangerous conditions and that the detection of such defects and dangers would be beyond with capabilities of such persons.

158.    The "Samsung Galaxy A02s" cell phone unreasonably fit, suitable, or safe to the ultimate operators or consumers for its intended or reasonably foreseeable purposes when

39

manufactured, designed, tested, assembled, supplied, imported, distributed and/or sold by Defendant, SMARTLINK, in the following ways:

a.  The "Samsung Galaxy A02s" cell phone was manufactured, designed, tested, assembled, supplied, imported, distributed and/or sold in an unreasonable, unfit, unsuitable, unsafe, dangerous and defective condition such that the "Samsung Galaxy A02s" cell phone had an unreasonable propensity to heat and catch fire during normal and foreseeable conditions;

b.  The "Samsung Galaxy A02s" cell phone was manufactured, designed, tested, assembled, supplied, imported, distributed and/or sold in an unreasonable, unfit, unsuitable, unsafe, dangerous and defective condition such that the "Samsung Galaxy A02s" cell phone had an unreasonable propensity to explode during normal and foreseeable conditions;

c.  The "Samsung Galaxy A02s" cell phone was defective in its design, manufacture, and warnings, in that it failed to operate as marketed and advertised, and failed to alert users to the hazardous conditions described herein;

d.  The "Samsung Galaxy A02s" cell phone was defective due to inadequate, or the absence of, warnings or instructions, including warning stickers, placards, or proper documentation to alert users regarding the hazardous conditions described herein.

e.  The "Samsung Galaxy A02s" cell phone was defective in that its risks outweighed its utility and/or in that a practical, feasible, and safer alternative design existed that would have reduced or prevented the propensity of the lithium-ion battery to explode.

f.  The "Samsung Galaxy A02s" Cell Phone was designed, developed, tested, manufactured, assembled, sold, supplied, imported, and/or distributed in a manner which breached express or implied warranties of merchantability and/or fitness for its

40

intended purpose.

159.    At the time of the subject incident, the "Samsung Galaxy A02s" cell phone was in the substantially same condition as when it left SMARTLINK's control.

160.    For the reasons set forth above the "Samsung Galaxy A02s" cell phone was unreasonable, unfit, unsafe, unsuitable, dangerous, and defective to foreseeable users, including Mr. Hill.

161.    As a direct and proximate cause of the foregoing conduct of Defendant, SMARTLINK, Mr. Hill has suffered injuries, pain, suffering and mental anguish, has been prevented from participating in his normal, daily activities and transacting business, suffered a period of disability and inconvenience, incurred medical bills and other incidental expenses in an effort to be cured of said injuries, will continue to suffer claimed damages into the future and has been hampered in the conduct of his personal activities.

AND OR IN THE ALTERNATIVE

**COUNT 17:**
**BREACH OF IMPLIED WARRANTY AGAINST**
**DEFENDANT VERIZON**

162.    Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs one (1) through one hundred sixty-one (161) with the same force and effect as though fully set forth herein.

163.    Defendant, VERIZON, is engaged in the business of selling manufacturing, designing, testing, assembling, supplying, importing, and distributing electronics to the public, including the "Samsung Galaxy A02s" cell phone purchased and used by Mr. Hill.

164.    Defendant, VERIZON, placed the "Samsung Galaxy A02s" cell phone in the stream of commerce for sale by retailers with knowledge that it would be used without inspecting for dangers

41

or defects. Defendant, VERIZON, knew or should have known that the ultimate users, operators or consumers would not or could not properly inspect these products for dangerous conditions and that the detection of such defects and dangers would be beyond with capabilities of such persons.

165.    The "Samsung Galaxy A02s" cell phone unreasonably fit, suitable, or safe to the ultimate operators or consumers for its intended or reasonably foreseeable purposes when manufactured, designed, tested, assembled, supplied, imported, distributed and/or sold by Defendant, VERIZON, in the following ways:

a.    The "Samsung Galaxy A02s" cell phone was manufactured, designed, tested, assembled, supplied, imported, distributed and/or sold in an unreasonable, unfit, unsuitable, unsafe, dangerous and defective condition such that the "Samsung Galaxy A02s" cell phone had an unreasonable propensity to heat and catch fire during normal and foreseeable conditions;

b.    The "Samsung Galaxy A02s" cell phone was manufactured, designed, tested, assembled, supplied, imported, distributed and/or sold in an unreasonable, unfit, unsuitable, unsafe, dangerous and defective condition such that the "Samsung Galaxy A02s" cell phone had an unreasonable propensity to explode during normal and foreseeable conditions;

c.    The "Samsung Galaxy A02s" cell phone was defective in its design, manufacture, and warnings, in that it failed to operate as marketed and advertised, and failed to alert users to the hazardous conditions described herein;

d.    The "Samsung Galaxy A02s" cell phone was defective due to inadequate, or the absence of, warnings or instructions, including warning stickers, placards, or proper documentation to alert users regarding the hazardous conditions described herein.

e.    The "Samsung Galaxy A02s" cell phone was defective in that its risks outweighed its

utility and/or in that a practical, feasible, and safer alternative design existed that would have reduced or prevented the propensity of the lithium-ion battery to explode.

f.  The "Samsung Galaxy A02s" Cell Phone was designed, developed, tested, manufactured, assembled, sold, supplied, imported, and/or distributed in a manner which breached express or implied warranties of merchantability and/or fitness for its intended purpose.

166.  At the time of the subject incident, the "Samsung Galaxy A02s" cell phone was in the substantially same condition as when it left VERIZON's control.

167.  For the reasons set forth above the "Samsung Galaxy A02s" cell phone was unreasonable, unfit, unsafe, unsuitable, dangerous, and defective to foreseeable users, including Mr. Hill.

168.  As a direct and proximate cause of the foregoing conduct of Defendant, VERIZON, Mr. Hill has suffered injuries, pain, suffering and mental anguish, has been prevented from participating in his normal, daily activities and transacting business, suffered a period of disability and inconvenience, incurred medical bills and other incidental expenses in an effort to be cured of said injuries, will continue to suffer claimed damages into the future and has been hampered in the conduct of his personal activities.

AND OR IN THE ALTERNATIVE

**COUNT 18:**
**BREACH OF IMPLIED WARRANTY AGAINST**
**DEFENDANT VERIZON COMMUNICATION**

169.  Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs one (1) through one hundred sixty-eight (168) with the same force and effect as though fully set forth herein.

43

170.    Defendant, VERIZON COMMUNICATION, is engaged in the business of selling manufacturing, designing, testing, assembling, supplying, importing, and distributing electronics to the public, including the "Samsung Galaxy A02s" cell phone purchased and used by Mr. Hill.

171.    Defendant, VERIZON COMMUNICATION, placed the "Samsung Galaxy A02s" cell phone in the stream of commerce for sale by retailers with knowledge that it would be used without inspecting for dangers or defects. Defendant, VERIZON COMMUNICATION, knew or should have known that the ultimate users, operators or consumers would not or could not properly inspect these products for dangerous conditions and that the detection of such defects and dangers would be beyond with capabilities of such persons.

172.    The "Samsung Galaxy A02s" cell phone unreasonably fit, suitable, or safe to the ultimate operators or consumers for its intended or reasonably foreseeable purposes when manufactured, designed, tested, assembled, supplied, imported, distributed and/or sold by Defendant, VERIZON COMMUNICATION, in the following ways:

a.    The "Samsung Galaxy A02s" cell phone was manufactured, designed, tested, assembled, supplied, imported, distributed and/or sold in an unreasonable, unfit, unsuitable, unsafe, dangerous and defective condition such that the "Samsung Galaxy A02s" cell phone had an unreasonable propensity to heat and catch fire during normal and foreseeable conditions;

b.    The "Samsung Galaxy A02s" cell phone was manufactured, designed, tested, assembled, supplied, imported, distributed and/or sold in an unreasonable, unfit, unsuitable, unsafe, dangerous and defective condition such that the "Samsung Galaxy A02s" cell phone had an unreasonable propensity to explode during normal and foreseeable conditions;

c.    The "Samsung Galaxy A02s" cell phone was defective in its design, manufacture, and

44

warnings, in that it failed to operate as marketed and advertised, and failed to alert users to the hazardous conditions described herein;

d.  The "Samsung Galaxy A02s" cell phone was defective due to inadequate, or the absence of, warnings or instructions, including warning stickers, placards, or proper documentation to alert users regarding the hazardous conditions described herein.

e.  The "Samsung Galaxy A02s" cell phone was defective in that its risks outweighed its utility and/or in that a practical, feasible, and safer alternative design existed that would have reduced or prevented the propensity of the lithium-ion battery to explode.

f.  The "Samsung Galaxy A02s" Cell Phone was designed, developed, tested, manufactured, assembled, sold, supplied, imported, and/or distributed in a manner which breached express or implied warranties of merchantability and/or fitness for its intended purpose.

173.  At the time of the subject incident, the "Samsung Galaxy A02s" cell phone was in the substantially same condition as when it left VERIZON COMMUNICATION's control.

174.  For the reasons set forth above the "Samsung Galaxy A02s" cell phone was unreasonable, unfit, unsafe, unsuitable, dangerous, and defective to foreseeable users, including Mr. Hill.

175.  As a direct and proximate cause of the foregoing conduct of Defendant, VERIZON COMMUNICATION, Mr. Hill has suffered injuries, pain, suffering and mental anguish, has been prevented from participating in his normal, daily activities and transacting business, suffered a period of disability and inconvenience, incurred medical bills and other incidental expenses in an effort to be cured of said injuries, will continue to suffer claimed damages into the future and has been hampered in the conduct of his personal activities.

AND OR IN THE ALTERNATIVE

45

## COUNT 19:
## BREACH OF IMPLIED WARRANTY AGAINST
## DEFENDANT ALLTEL

176.   Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs one (1) through one hundred seventy-five (175) with the same force and effect as though fully set forth herein.

177.   Defendant, ALLTEL, is engaged in the business of selling manufacturing, designing, testing, assembling, supplying, importing, and distributing electronics to the public, including the "Samsung Galaxy A02s" cell phone purchased and used by Mr. Hill.

178.   Defendant, ALLTEL, placed the "Samsung Galaxy A02s" cell phone in the stream of commerce for sale by retailers with knowledge that it would be used without inspecting for dangers or defects. Defendant, ALLTEL, knew or should have known that the ultimate users, operators or consumers would not or could not properly inspect these products for dangerous conditions and that the detection of such defects and dangers would be beyond with capabilities of such persons.

179.   The "Samsung Galaxy A02s" cell phone unreasonably fit, suitable, or safe to the ultimate operators or consumers for its intended or reasonably foreseeable purposes when manufactured, designed, tested, assembled, supplied, imported, distributed and/or sold by Defendant, ALLTEL, in the following ways:

   a.   The "Samsung Galaxy A02s" cell phone was manufactured, designed, tested, assembled, supplied, imported, distributed and/or sold in an unreasonable, unfit, unsuitable, unsafe, dangerous and defective condition such that the "Samsung Galaxy A02s" cell phone had an unreasonable propensity to heat and catch fire during normal and foreseeable conditions;

   b.   The "Samsung Galaxy A02s" cell phone was manufactured, designed, tested, assembled, supplied, imported, distributed and/or sold in an unreasonable, unfit,

46

unsuitable, unsafe, dangerous and defective condition such that the "Samsung Galaxy A02s" cell phone had an unreasonable propensity to explode during normal and foreseeable conditions;

c. The "Samsung Galaxy A02s" cell phone was defective in its design, manufacture, and warnings, in that it failed to operate as marketed and advertised, and failed to alert users to the hazardous conditions described herein;

d. The "Samsung Galaxy A02s" cell phone was defective due to inadequate, or the absence of, warnings or instructions, including warning stickers, placards, or proper documentation to alert users regarding the hazardous conditions described herein.

e. The "Samsung Galaxy A02s" cell phone was defective in that its risks outweighed its utility and/or in that a practical, feasible, and safer alternative design existed that would have reduced or prevented the propensity of the lithium-ion battery to explode.

f. The "Samsung Galaxy A02s" Cell Phone was designed, developed, tested, manufactured, assembled, sold, supplied, imported, and/or distributed in a manner which breached express or implied warranties of merchantability and/or fitness for its intended purpose.

180. At the time of the subject incident, the "Samsung Galaxy A02s" cell phone was in the substantially same condition as when it left ALLTEL's control.

181. For the reasons set forth above the "Samsung Galaxy A02s" cell phone was unreasonable, unfit, unsafe, unsuitable, dangerous, and defective to foreseeable users, including Mr. Hill.

182. As a direct and proximate cause of the foregoing conduct of Defendant, ALLTEL, Mr. Hill has suffered injuries, pain, suffering and mental anguish, has been prevented from participating in his normal, daily activities and transacting business, suffered a period of disability

and inconvenience, incurred medical bills and other incidental expenses in an effort to be cured of said injuries, will continue to suffer claimed damages into the future and has been hampered in the conduct of his personal activities.

AND OR IN THE ALTERNATIVE

**COUNT 20:**
**BREACH OF IMPLIED WARRANTY AGAINST**
**DEFENDANT GTE WIRELESS**

183. Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs one (1) through one hundred eighty-two (182) with the same force and effect as though fully set forth herein.

184. Defendant, GTE WIRELESS, is engaged in the business of selling manufacturing, designing, testing, assembling, supplying, importing, and distributing electronics to the public, including the "Samsung Galaxy A02s" cell phone purchased and used by Mr. Hill.

185. Defendant, GTE WIRELESS, placed the "Samsung Galaxy A02s" cell phone in the stream of commerce for sale by retailers with knowledge that it would be used without inspecting for dangers or defects. Defendant, GTE WIRELESS, knew or should have known that the ultimate users, operators or consumers would not or could not properly inspect these products for dangerous conditions and that the detection of such defects and dangers would be beyond with capabilities of such persons.

186. The "Samsung Galaxy A02s" cell phone unreasonably fit, suitable, or safe to the ultimate operators or consumers for its intended or reasonably foreseeable purposes when manufactured, designed, tested, assembled, supplied, imported, distributed and/or sold by Defendant, GTE WIRELESS, in the following ways:

    a.    The "Samsung Galaxy A02s" cell phone was manufactured, designed, tested, assembled, supplied, imported, distributed and/or sold in an unreasonable, unfit, unsuitable, unsafe, dangerous and defective condition such that the "Samsung Galaxy

48

A02s" cell phone had an unreasonable propensity to heat and catch fire during normal and foreseeable conditions;

b.      The "Samsung Galaxy A02s" cell phone was manufactured, designed, tested, assembled, supplied, imported, distributed and/or sold in an unreasonable, unfit, unsuitable, unsafe, dangerous and defective condition such that the "Samsung Galaxy A02s" cell phone had an unreasonable propensity to explode during normal and foreseeable conditions;

c.      The "Samsung Galaxy A02s" cell phone was defective in its design, manufacture, and warnings, in that it failed to operate as marketed and advertised, and failed to alert users to the hazardous conditions described herein;

d.      The "Samsung Galaxy A02s" cell phone was defective due to inadequate, or the absence of, warnings or instructions, including warning stickers, placards, or proper documentation to alert users regarding the hazardous conditions described herein.

e.      The "Samsung Galaxy A02s" cell phone was defective in that its risks outweighed its utility and/or in that a practical, feasible, and safer alternative design existed that would have reduced or prevented the propensity of the lithium-ion battery to explode.

f.      The "Samsung Galaxy A02s" Cell Phone was designed, developed, tested, manufactured, assembled, sold, supplied, imported, and/or distributed in a manner which breached express or implied warranties of merchantability and/or fitness for its intended purpose.

187.    At the time of the subject incident, the "Samsung Galaxy A02s" cell phone was in the substantially same condition as when it left GTE WIRELESS' control.

188.    For the reasons set forth above the "Samsung Galaxy A02s" cell phone was unreasonable, unfit, unsafe, unsuitable, dangerous, and defective to foreseeable users, including Mr.

49

Hill.

189.    As a direct and proximate cause of the foregoing conduct of Defendant, GTE WIRELESS, Mr. Hill has suffered injuries, pain, suffering and mental anguish, has been prevented from participating in his normal, daily activities and transacting business, suffered a period of disability and inconvenience, incurred medical bills and other incidental expenses in an effort to be cured of said injuries, will continue to suffer claimed damages into the future and has been hampered in the conduct of his personal activities.

**WHERFORE**, Plaintiff prays for the following relief:

1.    That process and summons issue, as provided by law, requiring Defendants to appear and Answer Plaintiff's Complaint;

2.    That service be had upon Defendants as provided by law;

3.    That the Court award and enter a judgment in favor of the Plaintiff and against the Defendants for compensatory and special damages in an amount that will fully compensate the Plaintiff;

4.    Monetary awards provided to Plaintiff in the sum of Two Million Dollars ($2,000,000.00);

5.    For the costs of litigating this case;

6.    Plaintiff respectfully demands a jury of twelve (12) and reserves the right to amend this Complaint to conform to evidence as it develops;

7.    All other relief, legal or equitable, that this Honorable Court deems just and proper.

50

Respectfully submitted,

Phillip S. Georges, Esq. BPR 038360
*Attorney for Plaintiff*
501 Union St., Suite 200D
Nashville, Tennessee 37219
P: (615) 486-4115 x.700
F: (615) 576-8668
Email:  phil@wolfpacklawyers.com