# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| ALBERT C. HILL | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No.: 2:24-cv-02099 |
| | ) |
| SAMSUNG ELECRONICS | ) |
| AMERICA, INC., and | ) |
| TRACFONE WIRELESS, INC. | ) |
| | ) |
|     Defendants. | ) |
| | ) |

## AMENDED COMPLAINT

**COMES NOW** Plaintiff, Albert C. Hill, by and through undersigned counsel and hereby makes his claim against Defendants, Samsung Electronics American, Inc. and Tracfone Wireless, Inc. and states as follows:

## PARTIES

1. Plaintiff, Albert C. Hill, is an adult citizen and resident of Memphis, County of Shelby, Tennessee and resides at 1131 Poppin Drive, Memphis, Tennessee 38111.

2. Defendant, SAMSUNG ELECTRONICS AMERICA, INC. (hereinafter "SAMSUNG"), is a foreign for-profit corporation, registered to do business in the State of Tennessee, with its principal offices located at 85 Challenger Road, Ridgefield Park, New Jersey 07660 and can be served with process through its registered agent, CT Corporation System, located at 300 Montvue Road, Knoxville, Tennessee 37919. That at all times material herein, the Defendant, SAMSUNG, was in the business of manufacturing, designing, testing, assembling,

supplying, selling, importing, and distributing electronics, including the "Samsung Galaxy A02S" cellphone and its component parts that are the subject of this lawsuit.

3. Defendant, TRACFONE WIRELESS, INC. (hereinafter "TRACFONE"), is a foreign for-profit corporation, registered to do business in the State of Tennessee, with principal offices located at 9700 Northwest 112 Ave, Medley, Florida 33178 and can be served with process through its registered agent, CT Corporation System, located at 300 Montvue Road, Knoxville, Tennessee 37919. That at all times material herein, the Defendant, TRACFONE, was in the business of manufacturing, designing, testing, assembling, supplying, selling, importing, and distributing electronics, including the "Samsung Galaxy A02S" cellphone and its component parts that are the subject of this lawsuit.

## JURISDICTION

4. Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs one (1) through three (3) with the same force and effect as though fully set forth herein.

5. This Complaint was filed within the applicable statute of limitations.

6. Jurisdiction and venue are proper in this Honorable Court because Shelby County is the county in which the subject accident giving rise to this Complaint took place.

## GENERAL ALLEGATIONS

7. Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs one (1) through seven (7) with the same force and effect as though fully set forth herein.

8. At all times material herein, Mr. Hill was a participant in the Safelink Wireless program and was issued the subject "Samsung Galaxy A02s" by the Defendant, TRACFONE.

9. On January 24, 2023, Mr. Hill was in possession of the subject "Samsung Galaxy A02s" cell phone in the same quality and condition as originally provided by TRACFONE.

10. In the evening of January 24, 2023, Mr. Hill had placed the subject "Samsung Galaxy A02s" cell phone in his left pocket and was operating his vehicle traveling home from work. Mr. Hill began to feel the back of his left leg burning and noticed smoke ascending from his pocket.

11. Suddenly and without warning, the subject "Samsung Galaxy A02s" cell phone exploded and caught fire in Mr. Hill's pants – burning directly through two (2) layers of pants (Exhibit A – Photo of Sweatpants worn under work pants; Exhibit B – Photo of top layer pant), and engulfing Mr. Hill's leg in flames.

Exhibit A – Photo of Sweatpants after explosion of the Samsung Galaxy A02s in Mr. Hill's pocket.



Exhibit B – Photo of Work Pants (top layer) after explosion of the
Samsung Galaxy A02s in Mr. Hill's pocket.



12. Although Mr. Hill was able to remove the subject "Samsung Galaxy A02s" cell phone, he was unable to quickly remove his clothing because of the ignited cell phone and clothing leaving Mr. Hill in shock and extreme pain.

13. Mr. Hill's "Samsung Galaxy A02s" cell phone was completely charred and destroyed as a result of the explosion. (Exhibit C – Photo of Mr. Hill's exploded cell phone).



Exhibit C – Photo of the exploded Samsung Galaxy A02s.

14. The "Samsung Galaxy A02s" cell phone battery explosion and fire caused extensive damage to Mr. Hill, including but not limited to second degree burns to his left buttock and thigh.

15. Mr. Hill was evaluated at Regional One Medical Center, in Memphis, Tennessee where he was treated for his burns, including significant skin graft surgery.

16. As a result of the Defendants' negligence, strict liability and other liability producing conduct and the explosion of the "Samsung Galaxy A02s" phone battery and concurrent

fire, Mr. Hill sustained severe, permanent, and life-altering injuries including but not limited to his legs and buttocks.

**COUNT 1:
STRICT PRODUCTS LIABILITY AGAINST
DEFENDANT SAMSUNG ELECTRONICS AMERICA, INC.**

17. Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs one (1) through sixteen (16) with the same force and effect as though fully set forth herein.

18. Defendant Samsung Electronics America, Inc. (hereinafter Defendant Samsung) is engaged in the business of selling manufacturing, designing, testing, assembling, supplying, importing, and distributing electronics to the public, including the "Samsung Galaxy A02s" cell phone purchased and used by Mr. Hill.

19. Defendant SAMSUNG placed the "Samsung Galaxy A02s" cell phone in the stream of commerce for sale through retailers with knowledge that it would be used without inspecting for dangers or defects. Defendant SAMSUNG knew or should have known that the ultimate users, operators or consumers would not or could not properly inspect these products for dangerous conditions and that the detection of such defects and dangers would be beyond with capabilities of such persons.

20. The "Samsung Galaxy A02s" cell phone was not reasonably fit, suitable, or safe to the ultimate operators or consumers for its intended or reasonably foreseeable purposes when manufactured, designed, tested, assembled, supplied, imported, distributed and/or sold by Defendant SAMSUNG as follows:

   a. The "Samsung Galaxy A02s" cell phone was manufactured, designed, tested, assembled, supplied, imported, distributed and/or sold in an unsafe, unsuitable,

unreasonable dangerous and defective condition such that the "Samsung Galaxy A02s" cell phone had an unreasonable propensity to heat and catch fire during normal and foreseeable conditions; The "Samsung Galaxy A02s" cell phone was manufactured, designed, tested, assembled, supplied, imported, distributed and/or sold in an unreasonably safe, suitable, fit, dangerous, and defective condition, such that the cell phone had an unreasonable propensity to explode during normal and foreseeable conditions;

b. The "Samsung Galaxy A02s" cell phone was defective in its design, manufacture, and warnings, in that it failed to operate as marketed and advertised, and failed to alert users to the hazardous conditions described herein;

c. The "Samsung Galaxy A02s" cell phone was defective due to inadequate, or the absence of, warnings or instructions, including warning stickers, placards, or proper documentation to alert users regarding the hazardous conditions described herein; and

d. The "Samsung Galaxy A02s" cell phone was defective in that its risks outweighed its utility and/or in that a more practical, feasible, and safer alternative design existed that would have reduced or prevented the propensity of the lithium-ion battery to explode.

21. At the time of the subject incident, the "Samsung Galaxy A02s" cell phone was in the substantially same condition as when sold and distributed by Defendant SAMSUNG.

22. For the reasons set forth above the "Samsung Galaxy A02s" cell phone was unreasonably fit, suitable, and safe to foreseeable users, including Mr. Hill.

23. As a direct and proximate cause of the foregoing conduct of Defendant

SAMSUNG, Mr. Hill has suffered injuries, pain, suffering and mental anguish, has been prevented from participating in his normal, daily activities and transacting business, suffered a period of disability and inconvenience, incurred medical bills and other incidental expenses in an effort to be cured of said injuries, will continue to suffer claimed damages into the future and has been hampered in the conduct of his personal activities.

AND OR IN THE ALTERNATIVE

## COUNT 2:
## STRICT PRODUCTS LIABILITY AGAINST
## DEFENDANT TRACFONE WIRELESS, INC.

24. Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs one (1) through twenty-three (23) with the same force and effect as though fully set forth herein.

25. Defendant Tracfone Wireless, Inc. (hereinafter Defendant Tracfone) is engaged in the business of selling manufacturing, designing, testing, assembling, supplying, importing, and distributing electronics to the public, including the "Samsung Galaxy A02s" cell phone purchased and used by Mr. Hill.

26. Defendant TRACFONE placed the "Samsung Galaxy A02s" cell phone in the stream of commerce for sale through retailers with knowledge that it would be used without inspecting for dangers or defects. Defendant TRACFONE knew or should have known that the ultimate users, operators or consumers would not or could not properly inspect these products for dangerous conditions and that the detection of such defects and dangers would be beyond with capabilities of such persons.

27. The "Samsung Galaxy A02s" cell phone was not reasonably fit, suitable, or safe to the ultimate operators or consumers for its intended or reasonably foreseeable purposes when

manufactured, designed, tested, assembled, supplied, imported, distributed and/or sold by Defendant TRACFONE as follows:

    a.    The "Samsung Galaxy A02s" cell phone was manufactured, designed, tested, assembled, supplied, imported, distributed and/or sold in an unsafe, unsuitable, unreasonable dangerous and defective condition such that the "Samsung Galaxy A02s" cell phone had an unreasonable propensity to heat and catch fire during normal and foreseeable conditions; The "Samsung Galaxy A02s" cell phone was manufactured, designed, tested, assembled, supplied, imported, distributed and/or sold in an unreasonably safe, suitable, fit, dangerous, and defective condition, such that the cell phone had an unreasonable propensity to explode during normal and foreseeable conditions;

    b.    The "Samsung Galaxy A02s" cell phone was defective in its design, manufacture, and warnings, in that it failed to operate as marketed and advertised, and failed to alert users to the hazardous conditions described herein;

    c.    The "Samsung Galaxy A02s" cell phone was defective due to inadequate, or the absence of, warnings or instructions, including warning stickers, placards, or proper documentation to alert users regarding the hazardous conditions described herein; and

    d.    The "Samsung Galaxy A02s" cell phone was defective in that its risks outweighed its utility and/or in that a more practical, feasible, and safer alternative design existed that would have reduced or prevented the propensity of the lithium-ion battery to explode.

28.    At the time of the subject incident, the "Samsung Galaxy A02s" cell phone was in

the substantially same condition as when sold and distributed by Defendant TRACFONE.

29. For the reasons set forth above the "Samsung Galaxy A02s" cell phone was unreasonably fit, suitable, and safe to foreseeable users, including Mr. Hill.

30. As a direct and proximate cause of the foregoing conduct of Defendant TRACFONE, Mr. Hill has suffered injuries, pain, suffering and mental anguish, has been prevented from participating in his normal, daily activities and transacting business, suffered a period of disability and inconvenience, incurred medical bills and other incidental expenses in an effort to be cured of said injuries, will continue to suffer claimed damages into the future and has been hampered in the conduct of his personal activities.

### AND OR IN THE ALTERNATIVE

#### COUNT 3:
#### NEGLIGENCE AGAINST DEFENDANT SAMSUNG

31. Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs one (1) through thirty (30) with the same force and effect as though fully set forth herein.

32. Defendant, SAMSUNG, knew or in the exercise of due care should have known that the "Samsung Galaxy A02s" phone would be used without inspection in an unreasonably fit, suitable, safe, and dangerous condition and would create a foreseeable risk of harm to users, including Mr. Hill. Defendant SAMSUNG was under a duty to properly and adequately manufacture, design, test, assemble, supply, import, distribute and/or sell the "Samsung Galaxy A02s" phone in a reasonably fit, suitable, and safe condition as not to present a danger to members of the general public who reasonably and expectedly, under ordinary circumstances, would come into contact with it, including Mr. Hill.

33. Defendant SAMSUNG breached the duty owed to Mr. Hill by negligently selling manufacturing, designing, testing, assembling, supplying, importing, and/or distributing the "Samsung Galaxy A02s" phone when it was not in a reasonably fit, suitable, or safe condition for foreseeable use, as follows:

34. Failing to manufacture, design, test, assemble, supply, import, distribute and/or sell the "Samsung Galaxy A02s" phone in such a manner that it would not spontaneously heat and catch fire;

35. Failing to manufacture, design, test, assemble, supply, import, distribute and/or sell the "Samsung Galaxy A02s" phone in such a manner that it would not spontaneously explode; and

36. Failing to provide reasonable and adequate warnings to the suppliers, purchasers and users of the "Samsung Galaxy A02s" phone to alert users of the dangerous conditions described herein.

37. The defects described above existed at the time the "Samsung Galaxy A02s" phone left SAMSUNG's control and did not undergo substantial change.

38. Mr. Hill was a foreseeable user or consumer.

39. The negligence described above directly and proximately caused the incident and injuries sustained by Mr. Hill in that it directly and in natural continuous sequence, produced or sustainably contributed to his injuries.

40. As a direct and proximate result of the foregoing negligence of Defendant SAMSUNG, Mr. Hill has suffered injuries, pain, suffering and mental anguish, has been prevented from participating in his normal, daily activities and transacting business, suffered a period of disability and inconvenience, incurred medical bills and other incidental expenses in an effort to be cured of said injuries, will continue to suffer claimed damages into the future and has been

hampered in the conduct of his personal activities.

AND OR IN THE ALTERNATIVE

### COUNT 4:
### NEGLIGENCE AGAINST DEFENDANT TRACFONE

41. Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs one (1) through forty (40) with the same force and effect as though fully set forth herein.

42. Defendant, TRACFONE, knew or in the exercise of due care should have known that the "Samsung Galaxy A02s" phone would be used without inspection in an unreasonably fit, suitable, safe, and dangerous condition and would create a foreseeable risk of harm to users, including Mr. Hill. Defendant, TRACFONE, was under a duty to properly and adequately manufacture, design, test, assemble, supply, import, distribute and/or sell the "Samsung Galaxy A02s" phone in a reasonably fit, suitable, and safe condition as not to present a danger to members of the general public who reasonably and expectedly, under ordinary circumstances, would come into contact with it, including Mr. Hill.

43. Defendant, TRACFONE, breached the duty owed to Mr. Hill by negligently selling manufacturing, designing, testing, assembling, supplying, importing, and/or distributing the "Samsung Galaxy A02s" phone when it was not in a reasonably fit, suitable, or safe condition for foreseeable use, as follows:

44. Failing to manufacture, design, test, assemble, supply, import, distribute and/or sell the "Samsung Galaxy A02s" phone in such a manner that it would not spontaneously heat and catch fire;

45. Failing to manufacture, design, test, assemble, supply, import, distribute and/or sell the "Samsung Galaxy A02s" phone in such a manner that it would not spontaneously explode; and

46. Failing to provide reasonable and adequate warnings to the suppliers, purchasers and users of the "Samsung Galaxy A02s" phone to alert users of the dangerous conditions described herein.

47. The defects described above existed at the time the "Samsung Galaxy A02s" phone left Defendant, TRACFONE's control and did not undergo substantial change.

48. Mr. Hill was a foreseeable user or consumer.

49. The negligence described above directly and proximately caused the incident and injuries sustained by Mr. Hill in that it directly and in natural continuous sequence, produced or sustainably contributed to his injuries.

50. As a direct and proximate result of the foregoing negligence of Defendant, TRACFONE, Mr. Hill has suffered injuries, pain, suffering and mental anguish, has been prevented from participating in his normal, daily activities and transacting business, suffered a period of disability and inconvenience, incurred medical bills and other incidental expenses in an effort to be cured of said injuries, will continue to suffer claimed damages into the future and has been hampered in the conduct of his personal activities.

AND OR IN THE ALTERNATIVE

<u><b>COUNT 5:<br>
BREACH OF IMPLIED WARRANTY AGAINST<br>
DEFENDANT SAMSUNG</b></u>

51. Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs one (1) through one fifty (50) with the same force and effect as though fully set forth herein.

52. Defendant, SAMSUNG, is engaged in the business of selling manufacturing, designing, testing, assembling, supplying, importing, and distributing electronics to the public,

including the "Samsung Galaxy A02s" cell phone purchased and used by Mr. Hill.

53. Defendant, SAMSUNG, placed the "Samsung Galaxy A02s" cell phone in the stream of commerce for sale by retailers with knowledge that it would be used without inspecting for dangers or defects. Defendant, SAMSUNG, knew or should have known that the ultimate users, operators or consumers would not or could not properly inspect these products for dangerous conditions and that the detection of such defects and dangers would be beyond with capabilities of such persons.

54. The "Samsung Galaxy A02s" cell phone unreasonably fit, suitable, or safe to the ultimate operators or consumers for its intended or reasonably foreseeable purposes when manufactured, designed, tested, assembled, supplied, imported, distributed and/or sold by Defendant, SAMSUNG, in the following ways:

   a. The "Samsung Galaxy A02s" cell phone was manufactured, designed, tested, assembled, supplied, imported, distributed and/or sold in an unreasonable, unfit, unsuitable, unsafe, dangerous and defective condition such that the "Samsung Galaxy A02s" cell phone had an unreasonable propensity to heat and catch fire during normal and foreseeable conditions;

   b. The "Samsung Galaxy A02s" cell phone was manufactured, designed, tested, assembled, supplied, imported, distributed and/or sold in an unreasonable, unfit, unsuitable, unsafe, dangerous and defective condition such that the "Samsung Galaxy A02s" cell phone had an unreasonable propensity to explode during normal and foreseeable conditions;

   c. The "Samsung Galaxy A02s" cell phone was defective in its design, manufacture, and warnings, in that it failed to operate as marketed and advertised, and failed to alert users to the hazardous conditions described herein;

d. The "Samsung Galaxy A02s" cell phone was defective due to inadequate, or the absence of, warnings or instructions, including warning stickers, placards, or proper documentation to alert users regarding the hazardous conditions described herein.

e. The "Samsung Galaxy A02s" cell phone was defective in that its risks outweighed its utility and/or in that a practical, feasible, and safer alternative design existed that would have reduced or prevented the propensity of the lithium-ion battery to explode.

f. The "Samsung Galaxy A02s" Cell Phone was designed, developed, tested, manufactured, assembled, sold, supplied, imported, and/or distributed in a manner which breached express or implied warranties of merchantability and/or fitness for its intended purpose.

55. At the time of the subject incident, the "Samsung Galaxy A02s" cell phone was in the substantially same condition as when it left SAMSUNG'S control.

56. For the reasons set forth above the "Samsung Galaxy A02s" cell phone was unreasonable, unfit, unsafe, unsuitable, dangerous, and defective to foreseeable users, including Mr. Hill.

57. As a direct and proximate cause of the foregoing conduct of Defendant, SAMSUNG, Mr. Hill has suffered injuries, pain, suffering and mental anguish, has been prevented from participating in his normal, daily activities and transacting business, suffered a period of disability and inconvenience, incurred medical bills and other incidental expenses in an effort to be cured of said injuries, will continue to suffer claimed damages into the future and has been hampered in the conduct of his personal activities.

AND OR IN THE ALTERNATIVE

## COUNT 6:
## BREACH OF IMPLIED WARRANTY AGAINST
## DEFENDANT TRACFONE

58. Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs one (1) through fifty-seven (57) with the same force and effect as though fully set forth herein.

59. Defendant, TRACFONE, is engaged in the business of selling manufacturing, designing, testing, assembling, supplying, importing, and distributing electronics to the public, including the "Samsung Galaxy A02s" cell phone purchased and used by Mr. Hill.

60. Defendant, TRACFONE, placed the "Samsung Galaxy A02s" cell phone in the stream of commerce for sale by retailers with knowledge that it would be used without inspecting for dangers or defects. Defendant, TRACFONE, knew or should have known that the ultimate users, operators or consumers would not or could not properly inspect these products for dangerous conditions and that the detection of such defects and dangers would be beyond with capabilities of such persons.

61. The "Samsung Galaxy A02s" cell phone unreasonably fit, suitable, or safe to the ultimate operators or consumers for its intended or reasonably foreseeable purposes when manufactured, designed, tested, assembled, supplied, imported, distributed and/or sold by Defendant, TRACFONE, in the following ways:

   a. The "Samsung Galaxy A02s" cell phone was manufactured, designed, tested, assembled, supplied, imported, distributed and/or sold in an unreasonable, unfit, unsuitable, unsafe, dangerous and defective condition such that the "Samsung Galaxy A02s" cell phone had an unreasonable propensity to heat and catch fire during normal and foreseeable conditions;

   b. The "Samsung Galaxy A02s" cell phone was manufactured, designed, tested, assembled, supplied, imported, distributed and/or sold in an unreasonable, unfit, unsuitable, unsafe, dangerous and defective condition such that the "Samsung Galaxy A02s" cell phone had an

unreasonable propensity to explode during normal and foreseeable conditions;

  c. The "Samsung Galaxy A02s" cell phone was defective in its design, manufacture, and warnings, in that it failed to operate as marketed and advertised, and failed to alert users to the hazardous conditions described herein;

  d. The "Samsung Galaxy A02s" cell phone was defective due to inadequate, or the absence of, warnings or instructions, including warning stickers, placards, or proper documentation to alert users regarding the hazardous conditions described herein.

  e. The "Samsung Galaxy A02s" cell phone was defective in that its risks outweighed its utility and/or in that a practical, feasible, and safer alternative design existed that would have reduced or prevented the propensity of the lithium-ion battery to explode.

  f. The "Samsung Galaxy A02s" Cell Phone was designed, developed, tested, manufactured, assembled, sold, supplied, imported, and/or distributed in a manner which breached express or implied warranties of merchantability and/or fitness for its intended purpose.

62. At the time of the subject incident, the "Samsung Galaxy A02s" cell phone was in the substantially same condition as when it left TRACFONE's control.

63. For the reasons set forth above the "Samsung Galaxy A02s" cell phone was unreasonable, unfit, unsafe, unsuitable, dangerous, and defective to foreseeable users, including Mr. Hill.

64. As a direct and proximate cause of the foregoing conduct of Defendant, TRACFONE, Mr. Hill has suffered injuries, pain, suffering and mental anguish, has been prevented from participating in his normal, daily activities and transacting business, suffered a period of disability and inconvenience, incurred medical bills and other incidental expenses in an effort to be cured of said injuries, will continue to suffer claimed damages into the future and has been hampered in the conduct of his personal activities.

**WHERFORE**, Plaintiff prays for the following relief:

1. That process and summons issue, as provided by law, requiring Defendants to appear and Answer Plaintiff's Complaint;

2. That service be had upon Defendants as provided by law;

3. That the Court award and enter a judgment in favor of the Plaintiff and against the Defendants for compensatory and special damages in an amount that will fully compensate the Plaintiff;

4. Monetary awards provided to Plaintiff in the sum of Two Million Dollars ($2,000,000.00);

5. For the costs of litigating this case;

6. Plaintiff respectfully demands a jury of twelve (12) and reserves the right to amend this Complaint to conform to evidence as it develops;

7. All other relief, legal or equitable, that this Honorable Court deems just and proper.

    Respectfully submitted,

    Phillip S. Georges, Esq. BPR 038360
    *Attorney for Plaintiff*
    501 Union St., Suite 200D
    Nashville, Tennessee 37219
    P: (615) 486-4115 x.700
    F: (615) 576-8668
    Email: phil@wolfpacklawyers.com

# CERTIFICATE OF SERVICE

I, the undersigned attorney, do hereby certify that a copy of the foregoing Amended Complaint was electronically filed with the Court using the CM/ECF system and was served by electronic mail to the email address below on the 13th day of May, 2024:

Kevin Francese (TN Bar # 038733)
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
3102 West End Avenue Suite 400
Nashville, Tennessee 37203
615.324.7840 (Main)
502.238.7844 (Fax)
kevin.francese@wilsonelser.com
Counsel for Defendant,
Samsung Electronics America, Inc.

/s/Phillip S. Georges
*Counsel for Plaintiff, Albert C. Hill*